Brian Brazier, Esq. (SBN: 245004)
brian@pricelawgroup.com
**Price Law Group, APC**
8245 N 85th Way
Scottsdale, AZ 85258
T: (818) 600-5564
F: (818) 600-5464

L. Tegan Rodkey, Esq. (SBN: 275830)
tegan@pricelawgroup.com
**Price Law Group, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5526
F: (818) 600-5426

*Attorneys for Plaintiff,*
*Aimee Aquitania*

## UNITED STATES DISTRICT COURT

## IN THE DISTRICT OF CENTRAL CALIFORNIA

| | |
|---|---|
| AIMEE AQUITANIA,<br><br>    Plaintiff,<br><br>    v.<br><br>BANK OF AMERICA, N.A.,<br><br>    Defendant. | Case No.  2:18-cv-9215<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*;<br>2. CAL. CIV. CODE § 1788 *et seq.*; and<br>3. Intrusion Upon Seclusion |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Aimee Aquitania ("Plaintiff"), by and through her attorneys, alleges the following against Defendant Bank of America N.A. ("Defendant"):

## INTRODUCTION

1.    Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited phone calls or phone calls without the

COMPLAINT AND DEMAND FOR JURY TRIAL

consent of the called party, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2.      Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3.      Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4.      Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq*. and 28 U.S.C. § 1331.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(3) in that Defendant transacts business here and therefore personal jurisdiction is also established.

## PARTIES

6.      Plaintiff is a natural person and a resident in the State of California.

7.      Defendant is a financial institution with its principal place of business located at 100 North Tryon Street, Suite 170, Charlotte, North Carolina 28255.

8.      Defendant is an entity which, in the ordinary course of business, regularly, on behalf of itself, engages in debt collection. Thus, Defendant is a "debt collector" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(c).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

COMPLAINT AND DEMAND FOR JURY TRIAL

10.    In or around June 2018, in an attempt to collect on an alleged consumer account, Defendant began calling Plaintiff on her cellular phone number ending in 6066.

11.    Defendant called from the at least the following phone numbers: (800) 536-1584, (888) 645-6262, and (916) 605-5054.

12.    Upon information and belief, Defendant owns and operates the phone numbers.

13.    On or about June 5, 2018, at 1:59 p.m., Plaintiff received a call on her cell phone from (800) 536-1584. During this eighteen (18) minute conversation, Plaintiff spoke with a representative named John Kestler; at which point Plaintiff unequivocally revoked consent to be contacted any further.

14.    Despite revoking consent Plaintiff continued to receive phone calls from Defendant.

15.    Between June 5, 2018 and June 28, 2018, Defendant willfully called Plaintiff on her cellular phone approximately thirty (30) times to annoy and harass Plaintiff in the hopes that it could induce Plaintiff to pay the debt.

16.    Upon information and belief, each time Plaintiff received a phone call from Defendant there was a brief pause prior to speaking with a representative, indicating the use of an automatic telephone dialing system.

17.    Defendant called Plaintiff up to three (3) times a day, further indicating the use of an automatic telephone dialing system.

18.     For example, on June 25, 2018, Defendant called at 9:16 a.m., 2:03 p.m., and 5:05 p.m.

19.    On many occasions, Defendant also left prerecorded or artificial voice messages for Plaintiff without her consent.

20.    Plaintiff is currently employed as a nurse and works night shifts.

21.    The majority of the calls that Plaintiff received were during the times wen Plaintiff was sleeping.

COMPLAINT AND DEMAND FOR JURY TRIAL

22.     Plaintiff would often be disturbed and awoken due to the calls by Defendant.

23.     Due to Defendant's actions, Plaintiff has suffered emotional distress, interrupted sleep, and invasion of her privacy.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

24.     Plaintiff incorporates by reference paragraphs one (1) through twenty-three (23) of this Complaint as though fully stated herein.

25.     Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

   a.     Within four years prior to the filing of this action, on multiple occasions,  Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

   b.     Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

26.     As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

## COUNT II

COMPLAINT AND DEMAND FOR JURY TRIAL

1    **(Violations of CAL. CIV. CODE § 1788 *et seq.*)**

2    27.    Plaintiff incorporates by reference paragraphs one (1) through twenty-six (26)

3    of this Complaint as though fully stated herein.

4    28.    Defendant violated the RFDCPA. Defendant's violations include, but are not

5    limited to, the following:

6             a.    Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a

7             telephone to ring repeatedly or continuously to annoy the person called;

8             b.    Defendant violated CAL. CIV. CODE § 1788.17 by collecting or

9             attempting to collect a consumer debt without complying with the provisions

10            of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code

11            (Fair Debt Collection Practices Act).

12                    i.    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15

13                    U.S.C. § 1692d by engaging in conduct, the natural consequence of

14                    which is to harass, oppress or abuse any person in connection with the

15                    collection of the alleged debt; and

16                    ii.   Defendant violated CAL. CIV. CODE § 1788.17 by violating 15

17                    U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging

18                    Plaintiff in telephone conversations repeatedly; and

19                    iii.  Defendant violated CAL. CIV. CODE § 1788.17 by violating 15

20                    U.S.C. § 1692f by using unfair or unconscionable means in connection

21                    with the collection of an alleged debt.

22    29.    Defendant's acts, as described above, were done intentionally with the

23    purpose of coercing Plaintiff to pay the alleged debt.

24    30.    As a result of the foregoing violations of the RFDCPA, Defendant is liable to

25    Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

26    31.    Plaintiff is informed and believes such acts directed towards Plaintiff were

27    carried out with a conscious disregard of Plaintiff's right to be free from such

28    behavior, such as to constitute oppression, fraud or malice pursuant to CAL. CIV.

COMPLAINT AND DEMAND FOR JURY TRIAL

CODE § 3294, entitling Plaintiff to punitive damages in the amount appropriate to punish and set an example of Defendant.

## COUNT III

### (Intrusion Upon Seclusion)

32.    Plaintiff incorporates by reference paragraphs one (1) through thirty-one (31) of this Complaint as though fully stated herein.

33.    Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

34.    Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a.    Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite numerous requests for the calls to cease.

   b.    The number and frequency of the telephone calls to Plaintiff by Defendant after several requests for the calls to cease constitute an intrusion on Plaintiff's privacy and solitude.

   c.    Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often interrupted Plaintiff's work and sleep schedule.

   d.    Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35.    As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

COMPLAINT AND DEMAND FOR JURY TRIAL

36.     Plaintiff is informed and believes such acts directed towards Plaintiff were carried out with a conscious disregard of Plaintiff's right to be free from such behavior, such as to constitute oppression, fraud or malice pursuant to CAL. CIV. CODE § 3294, entitling Plaintiff to punitive damages in the amount appropriate to punish and set an example of Defendant.

## **PRAYER OF RELIEF**

**WHEREFORE**, Plaintiff Aimee Aquitania, respectfully requests judgment be entered against Defendant Bank of America, N.A. for the following:

37.     Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227 (b)(3)(B);

38.     Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3);

39.     Statutory damages of $1,000.00 pursuant to the RFDCPA, CAL. CIV. CODE §1788.30(b);

40.     Actual damages pursuant to RFDCPA, CAL. CIV. CODE §1788.30(b);

41.     Costs and reasonable attorneys' fees pursuant to the RFDCPA, CAL. CIV. CODE §1788.30(c);

42.     Punitive damages pursuant to CAL. CIV. CODE § 3294.

43.     Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

44.     Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 26th day of October 2018.


**PRICE LAW GROUP, APC**


By:/s/ *Brian Brazier*
Brian Brazier, Esq. (SBN: 245004)
*Attorneys for Plaintiff,*
*Aimee Aquitania*

COMPLAINT AND DEMAND FOR JURY TRIAL